UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

ANTONIO SAUNDERS,

                Plaintiff,

vs.                                   9:03-CV-0598
                                                    (DNH)(GHL)

SUPERINTENDENT RICKS; COMMISSIONER
GOORD, Commissioner of Corrections;
CAPTAIN RACETTE; SERGEANT SINICAL;
NURSE BUFFHAM; OFFICER COOK;
OFFICER WOODS, Correctional Officer;
LT. UHLER, Lt. at Disciplinary Hearing;
JOHN DOE, Officer; and NURSE RUSHFORD,

                Defendants.

-------------------------------------------------------------

APPEARANCES:                             OF COUNSEL:

ANTONIO SAUNDERS
Plaintiff, *pro se*
0018095
Hampton Roads Regional Jail
P.O. Box 7609
Portsmouth, VA 23707

HON. ANDREW M. CUOMO             PATRICK F. MacRAE, Esq.
Office of the Attorney General            Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

DAVID N. HURD
United States District Judge

# O R D E R

**I. Background.**

On October 23, 2006 this Court issued an Order, adopting the Report and

Recommendation of Magistrate Judge Lowe, and dismissing this action in its entirety.

(Docket No. 62).

This Court granted plaintiff an extension of time to file an appeal (Docket No. 65), and plaintiff filed same on March 9, 2007. (Docket No. 66). Thereafter, on March 16, 2007, plaintiff filed a Motion to Vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docket No. 70). The Clerk of Courts has forwarded plaintiff's Motion to Vacate the Judgment to this Court for consideration.

## II. Discussion.

### A. Effect of Notice of Appeal.

As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action. *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) (per curiam ) ([T]his circuit has repeatedly held that the docketing of a notice of appeal ousts the district court of jurisdiction, except insofar as it is reserved to it explicitly by statute or rule. ) (quoting *Ryan v. United States Lines Co.,* 303 F.2d 430, 434 (2d Cir.1962)); *see also United States v. Camacho*, 302 F.3d 35, 36 (2d Cir.2002) ( per curiam ) ([T]he filing of a notice of appeal normally divests the district court of [jurisdiction] over those aspects of the case involved in the appeal. ) *(quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)); *Burda Media, Inc. v. Blumenberg*, 2005 WL 323712, at *2 (S.D.N.Y. Feb.8, 2005); *Thompson v. County of Franklin*, 180 F.R.D. 216, 219 (N.D.N.Y.1998). However, the Second Circuit has stated that a district court may **entertain** and **deny** a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals. *Toliver v. County of Sullivan,* 957 F.2d at 49. The Second Circuit has made plain, however, that the district court may *grant* a rule 60(b) motion after an

2

appeal is taken only if the moving party obtains permission from the circuit court. *Id.* (*emphasis in original*); accord *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir.2002) (cited in *Burda Media, Inc. v. Blumenberg,* 2005 WL 323712, at *2).

**B. Rule 60 Standards.**

Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") sets forth the following six grounds upon which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See* Fed.R.Civ.P. Rule 60(b).

In his motion, plaintiff complains regarding the original Orders of the Court that required him to amend his complaint before it was accepted by the Court, and also raises a panoply of issues relating to the Court's adjudication of the summary judgment motion including the Magistrate Judge's authority to issue the Report and Recommendation, whether the Court engaged in identifying or adjudicating the material facts, and whether he was afforded the proper deference as a *pro se* plaintiff. *See*

Docket No. 70. However, the Court finds that Saunders has not established any of the above factors in his motion.[1] Since Saunders sets forth no credible basis for vacating the October 23, 2006 judgment, his motion must be denied.

THEREFORE, it is hereby

ORDERED, that

1. Plaintiff's motion to vacate the judgment (Docket No. 70) is DENIED; and

2. The Clerk is directed to serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: May 4, 2007
Utica, New York.

United States District Judge

---

[1] The Court also notes that at the end of his affidavit, plaintiff states that he has not served defendants' counsel with this motion. *See* Docket. No. 70, page 3. Plaintiff is **not** excused from serving opposing counsel with every document filed in this action due to his alleged insufficiency of funds. This motion could also be denied for failure to serve.

4